# Third District Court of Appeal
## State of Florida

Opinion filed June 22, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1498
Lower Tribunal No. 19-25191
_____

**Andrew Andreasen, etc.,**
Appellant,

vs.

**Klein, Glasser, Park & Lowe, P.L., etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Thomas J. Gruseck (West Palm Beach), for appellant.

Keller Landsberg, P.A., and Dena B. Sacharow and D. David Keller (Fort Lauderdale), for appellees.

Before LOGUE, GORDO and BOKOR, JJ.

BOKOR, J.

This appeal challenges the dismissal of a wrongful death complaint. In 2008, an uninsured motorist collided with a car driven by John Andreasen, rendering John permanently disabled.[1] After several years of litigation against both his insurer (for allegedly failing to allow stacking of his uninsured motorist coverage) and his own former counsel (for allegedly failing to competently litigate his claims against the insurer and eventually allowing the claims to lapse), on March 10, 2019, John died by suicide.

Subsequently, John's brother, Andrew, in his capacity as the personal representative of John's estate, brought the underlying wrongful death and survival action against some of John's former attorneys. The complaint alleged negligence and legal malpractice as the proximate cause of John's death. Specifically, Andrew alleged that the attorneys' failure to exercise reasonable care and professional skill in representing John caused a lapse of his stacking uninsured motorist coverage claims, prevented him from having the financial ability to pay for ongoing treatment and medication, and caused him to experience the pain and suffering that ultimately led him to commit suicide. The trial court dismissed the action with prejudice for failure to state a claim, finding that the attorneys owed John no legal duty to prevent

---

[1] To avoid confusion, we use John and Andrew Andreasen's first names throughout this opinion.

his suicide and that the alleged malpractice was not the proximate cause of the death. This appeal followed.

We find that the complaint was properly dismissed because John's counsel did not have a legal duty to prevent his suicide. Our review of a dismissal for failure to state a cause of action is de novo. See, e.g., Crawley-Kitzman v. Hernandez, 324 So. 3d 968, 974 (Fla. 3d DCA 2021). Dismissal of a complaint with prejudice is proper where the complaint has failed to state a cause of action and it conclusively appears that the complaint could not be amended to state a cause of action. Id. at 977.

To prevail on a wrongful death claim, the plaintiff must establish that the defendant caused the decedent's death through some wrongful act that would have entitled the decedent to bring an action on their own behalf if they had survived. § 768.19, Fla. Stat.; see also Toombs v. Alamo Rent-A-Car, Inc., 833 So. 2d 109, 111 (Fla. 2002). The complaint here was predicated on theories of negligence and legal malpractice, both of which require a showing that the injury was caused by the breach of a duty on the part of the defendant. See, e.g., Larson & Larson, P.A. v. TSE Indus., Inc., 22 So. 3d 36, 39 (Fla. 2009) (discussing elements of legal malpractice); Fla. Dep't of Corr. v. Abril, 969 So. 2d 201, 204 (Fla. 2007) ("To maintain an action for negligence, a plaintiff must establish that the defendant owed a

3

duty, that the defendant breached that duty, and that this breach caused the plaintiff damages.").

"As a general rule, 'there is no liability for the suicide of another or for injuries sustained in a suicide attempt in the absence of a specific duty of care.'" Kelley v. Beverly Hills Club Apartments, 68 So. 3d 954, 957 (Fla. 3d DCA 2011) (quoting in part Paddock v. Chacko, 522 So. 2d 410, 416 (Fla. 5th DCA 1988)). While "[o]ne can assume such a duty by taking custody and control over another," a legal duty to prevent self-inflicted harm requires "more than just foreseeability alone"; rather, such person must "be in a position to control the risk." Surloff v. Regions Bank, 179 So. 3d 472, 475–76 (Fla. 4th DCA 2015) (quotation omitted) (affirming dismissal of wrongful death complaint alleging that bank caused decedent's overdose death by informing decedent of loan denial despite knowledge of decedent's inability to process negative information; bank had no special relationship with decedent that would enable bank to supervise or control decedent's daily activities or protect against self-inflicted injury); see also Kelley, 68 So. 3d at 957 (holding that apartment owner owed no duty to prevent suicide attempt from mentally ill patient of lessee where undisputed facts established that apartment owner had no particularized knowledge, custody, or control over patient's suicidal tendencies); Rafferman v. Carnival Cruise Lines, Inc., 659

4

So. 2d 1271, 1273 (Fla. 3d DCA 1995) (holding that shipowner had no duty to prevent crewman from committing suicide absent specific allegation that shipowner was aware of crewman's medical issues or suicidality); Iacono v. Kingsley Arms Apartments, Inc., 47 Fla. L. Weekly D498 (Fla. 3d DCA Feb. 23, 2022) (affirming dismissal of wrongful death complaint predicated on liability of apartment owner for suicide attempt by undiscovered trespasser on premises).

Here, the complaint made no allegation that John's attorneys were aware he was suicidal or, more importantly, that the attorneys had any duty, obligation, or legal ability to exercise any supervision or control over his daily activities during the period they were representing him. In any case, while the district courts have found that *medical* professionals may in some circumstances have a duty to intervene if they become aware of a potentially suicidal patient, no state court has extended a similar duty to attorneys, and we decline to do so here. Cf. Paddock, 522 So. 2d at 415–16 (recognizing the lack of a general duty for doctors to prevent the suicide of a patient, except where the patient was in the custody of a hospital that was aware of the potential risk and failed to take preventative measures); Garcia v. Lifemark Hosps. of Fla., 754 So. 2d 48, 49 (Fla. 3d DCA 1999) (same); Granicz v. Chirillo, 147 So. 3d 544, 549 (Fla. 2d DCA 2014) (reversing grant

5

of summary judgment in favor of physician who failed to identify or prevent patient's suicidal tendencies when evidence demonstrated that applicable standard of professional care involved assessing patient to determine suicidality and intervening if necessary). No duty of care existed here. Accordingly, because the theory of recovery alleged in the complaint was facially insufficient to state a claim for wrongful death, the complaint was properly dismissed.

Affirmed.